# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>) <br>v. )<br>)<br>DONNELL CAMPBELL, )<br>)<br>  Defendant. ) | Case No. 2:05-cr-20237-JPM-1 |

## ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL

Before the Court is Defendant Donnell Campbell's Affidavit of Personal Bias of Judge, filed on September 8, 2020. (ECF No. 105.) Because an Affidavit of Personal Bias of Judge pursuant to 28 U.S.C. § 144 is ordinarily filed together with a motion for recusal pursuant to 28 U.S.C. § 455, this Court construes Defendant's filing as a Motion for Recusal.

For the reasons set forth below, Defendant Donnell Campbell's Motion is **DENIED**.

## I.  BACKGROUND

On February 22, 2006, a grand jury in the Western District of Tennessee indicted Defendant Donnell Campbell on two counts of possessing a firearm in violation of 18 U.S.C. § 922(g) and one count of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (ECF No. 37.) A jury trial was held from May 1, through May 3, 2006, after which the jury returned a verdict of guilty on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF Nos. 49–51.) On August 18, 2006, the Court sentenced Defendant to 293 months imprisonment and 5 years of supervised release. (Judgment, ECF No. 73.)

Campbell's Affidavit includes seven factual allegations. (ECF No. 105.) He alleges this Court: (1) did not convey important information from a juror to the Parties during jury selection; (2) denied his motion to suppress in clear error; (3) "allowed the prosecutor to shift burden of proof to defendant after being warned twice not to do it" during trial; (4) "allow[ed] Campbell's] defense attorney to lie" and not present fingerprint evidence to the jury during trial; (5) told Campbell he was a hardened criminal during sentencing; (6) ignored counsel's informing the Court that Campbell was dissatisfied with his representation during sentencing; and (7) wrongfully denied Campbell his right to appeal this Court's denial of his second § 2255 motion. (Id.)

## II.     LEGAL STANDARD

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge should also disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

"It is well settled that sections 144 and 455 'must be construed in pari materia.'" United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983) (quoting City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir. 1980)). "[D]isqualification under section 455(a) must be predicated as

previously under section 144, upon extrajudicial conduct rather than on judicial conduct." Krupansky, 619 F.2d at 578.

Recusal under 28 U.S.C. § 144 is only required when the affidavit is found to be both timely and legally sufficient by a district court judge. See Easley v. Univ. of Mich. Bd. of Regents, 853 F.2d 1351, 1355 (1988). An affidavit submitted pursuant to § 144 is timely only if "it is submitted 'at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification.'" Scott v. Metro Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007) (quoting United States v. Sykes, 7 F.3d 1331, 1339 (6th Cir. 1993)).

An affidavit filed pursuant to § 144 "must state factual averments with particularity as to time, person, place, and circumstances," so "simple conclusions, opinions, or rumors are insufficient." Scott, 234 F. App'x at 352 (citation omitted) (internal quotations marks omitted). "A judge 'need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held.'" United States v. Tolbert, 459 F. App'x 541, 545 (6th Cir. 2012) (alteration in original) (quoting United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990)). When evidence of impartiality does not arise "from an extra-judicial source or personal bias, recusal is only necessary in rare circumstances." Tolbert, 459 F. App'x at 545 (citing Liteky v. United States, 510 U.S. 540, 555 (1994)).

### III.   ANALYSIS

Campbell's Motion is both untimely and legally insufficient. All but one of Campbell's allegations relate to his pre-trial, trial or sentencing proceedings, all of which occurred over a decade before Campbell filed his Motion. This Court's denial of Campbell's second § 2255 Motion, the basis of Campbell's seventh factual allegation, was entered on June 17, 2019, over a year prior to Campbell's filing of the instant Motion. "A disqualification motion filed after

trial and judgment is usually considered untimely unless good cause can be shown for the delay, for otherwise a party alleging bias would always await judgment in the hopes of a favorable decision." United States v. Rosenberg, 806 F.2d 1169, 1173 n.3 (3d Cir. 1986) (citing Crowder v. Conlan, 740 F.2d 447, 453–54 (6th Cir. 1984); Waggoner v. Dallaire, 659 F.2d 1362, 1370 (9th Cir. 1981)). Campbell has offered no explanation for why he waited so long to move for recusal. The Motion having been made at least a year after Campbell could have discovered the allegations (and more than a decade after Campbell could have discovered the majority of the allegations), it is not timely asserted.

Additionally, none of the factual allegations raised by Campbell are extra-judicial. All of Campbell's factual allegations relate to the Court's oversight of the pre-trial, trial and sentencing proceedings or to rulings and statements made by this Court on the record. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion… Almost invariably, they are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 1157; see also Williams v. Am. Fed'n of State, Cty. & Mun. Employees, Council 25, AFL-CIO, Local 101, 124 F.3d 201 (Table) (6th Cir. 1997). "A judge's ordinary efforts at courtroom administration" are also not a sufficient basis for recusal, absent facts suggesting the involvement of an extrajudicial source. Liteky, 510 U.S. at 1157.

Campbell's Motion is based on this Court's rulings and conduct from the bench and in written orders. The Court's conduct during pre-trial, trial and sentencing proceedings and its written opinions do not form a legally sufficient basis for a motion for recusal. See Browning v. Foltz, 837 F.2d 276, 279 – 80 (6th Cir. 1988) (finding language in an order denying the defendant's petition for habeas corpus was insufficient to indicate bias requiring recusal); see also Hoffman v. Caterpillar, Inc., 368 F.3d 709, 720 (7th Cir. 2004) (denying a motion to recuse

4

based on allegations that the court's actions during trial were "hostile," "inappropriate," "inflammatory," and "offensive," and stating that "[t]he trial court [] diligently exercised its broad powers in order to efficiently and fairly manage trial proceedings and confine examination to relevant issues."); United States v. Kimball, 73 F.3d 269, 273 (10th Cir. 1995) ("Remarks made in the course of ordinary courtroom administration do not require recusal." (citing Liteky, 510 U.S. at 1157).).

### IV.   CONCLUSION

Because the instant Motion is both untimely and legally insufficient, Campbell's Motion for Recusal is **DENIED**.

**SO ORDERED**, this 8th day of March, 2021.

      /s/ Jon P. McCalla
      JON P. McCALLA
      UNITED STATES DISTRICT JUDGE